1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   DEBORAH DEMELLO,                          CASE NO. C12-1725JLR

11                    Plaintiff,               ORDER REVERSING AND
                                               REMANDING CASE TO SOCIAL
12              v.                             SECURITY ADMINISTRATION

13   CAROLYN W. COLVIN,

14                    Defendant.

15                          I.       INTRODUCTION

16          This matter comes before the court on the Report and Recommendation of United

17   States Magistrate Judge Brian A. Tsuchida (R&R (Dkt. # 26)), and Acting Commissioner

18   of the Social Security Administration ("SSA") Carolyn W. Colvin's objections thereto

19   (Obj. (Dkt. # 28)).  Having carefully reviewed all of the foregoing, along with all other

20   relevant documents, and the governing law, the court ADOPTS in part and REJECTS in

21   part the Report and Recommendation and REVERSES AND REMANDS the case to the

22   Social Security Administration for further proceedings.

## II.    BACKGROUND

This is an appeal from a denial of Social Security disability insurance benefits. Plaintiff Deborah Demello is a 56-year-old woman who suffers from depression, asthma, and diabetes, among other ailments.  (Administrative Record ("AR") (Dkt. # 17) at 146, 361, 371, 475-519, 545, 627-33.)  This order pertains to Ms. Demello's second application for disability benefits.  Ms. Demello first applied pro se for disability benefits in March, 2005, alleging an onset date of June 1, 2000.  (*Id.* at 144, 146.)  Ms. Demello's first application was denied initially on August 24, 2005, and again on reconsideration on November 29, 2005.  (*Id.* at 56-58, 71-72.)  Since Ms. Demello did not appeal, the Commissioner's ruling was the final ruling on her first application.  (Opening Br. (Dkt. # 23) at 2.)

Ms. Demello filed her second application for disability benefits on February 24, 2009, alleging a disability onset date of December 30, 2007.  (AR at 17, 150-56.)  Ms. Demello met the insured status requirements of the Social Security Act on her date last insured, December 31, 2007.  (*Id.* at 20.)  Her second application was denied initially on March 20, 2009, and again on reconsideration on May 18, 2009.  (*Id.* at 75-77,  80-81.)  Ms. Demello appealed the decision and requested a hearing, which was held on August 12, 2010, before Administrative Law Judge ("ALJ") Verrell Dethloff.  (*Id.* at 32-54.)  Prior to the hearing, Ms. Demello submitted a letter to the ALJ requesting to amend her onset date of disability from December 30, 2007, to June 1, 2000, the same date of onset alleged in her first application.  (*Id.* at 466.)

1        The ALJ upheld the SSA's findings that Ms. Demello was not disabled under the

2   Social Security Act from the date of onset through the date last insured.[1]  The ALJ

3   applied an onset date of December 30, 2007, rather than the requested date of June 1,

4   2000.  (*Id*. at 14-31.)  Specifically, the ALJ held that (1) at step one in the evaluation

5   process, Ms. Demello had engaged in "substantial gainful activity," and (2) alternatively,

6   at step two in the process, "the record is . . . insufficient to establish a medically

7   determinable mental impairment."[2]  (*Id*. at 20-22.)  Ms. Demello's request for review by

8   the Appeals Council was denied on September 11, 2012.  (*Id*. at 1-4.)

9        Ms. Demello appealed the SSA's denial of disability benefits to this court.  (*See*

10  *generally* Opening Br.)  In her opening brief, Ms. Demello raised three issues, arguing:

11  (1) the ALJ erred at step one in finding that Ms. Demello had engaged in "substantial

12  gainful activity"; (2) the ALJ erred at step two by misapplying the doctrine of *res*

13  *judicata* to hold that Ms. Demello had not established a medically determinable

14  impairment; and (3) the ALJ erred by failing to address her request to amend her onset

15  date or reopen her first application.  (*See generally* Opening Br.)

16

17   _____

18      [1] Disability as defined by the Social Security Act is an "inability to engage in any
    substantial gainful activity by reason of any medically determinable physical or mental
19  impairment which can be expected to result in death or which has lasted or can be expected to
    last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); *Molina v.*
20  *Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

21      [2] The SSA utilizes a five-step sequential process for evaluating whether a claimant is
    disabled within the meaning of the Social Security Act.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v);
22  *see also Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

ORDER- 3

Magistrate Judge Tsuchida issued a Report and Recommendation recommending that the case be reversed and remanded to the SSA for further administrative proceedings. (R&R at 1.)  On the issue of "substantial gainful activity," the Magistrate Judge ruled that the ALJ applied the wrong legal standard to determine whether Ms. Demello had engaged in "substantial gainful activity."  (R&R at 4.)

On the issue of *res judicata*, the Magistrate Judge ruled that the "ALJ harmfully erred because he applied the doctrine of *res judicata* to find that Ms. Demello could not show a severe medically determinable impairment at step 2 when the prior administratively final decision appears to have *presumed* that Ms. Demello could demonstrate the severe medical impairments of depression and diabetes and proceeded to steps 3 and 4 of the sequential evaluation." (R&R at 6.)

On the issue of the onset date, the Magistrate Judge held that "[b]ecause the Court is remanding this matter for further proceedings, the ALJ may address in the first instance the request to amend the onset date, as well as Ms. Demello's motion to reopen the First Application."  (*Id*. at 9.)  The Magistrate Judge noted that the time limit for requesting reopening may have expired, and that a decision by the SSA not to reopen a previously adjudicated disability claim is typically beyond review of the courts. (*Id*. at 9-10.)

The SSA objects to the Report and Recommendation in its entirety and requests that the court affirm the SSA's decision finding Ms. Demello not disabled.  (*See generally* Obj.)

# III.   ANALYSIS

Having reviewed the record and governing law, the court concludes that the ALJ's findings are not supported by substantial evidence, and the court agrees with the Magistrate Judge that the case should be reversed and remanded.  The court, however, diverges from the Report and Recommendation with respect to the second ground for reversal and remand.  The court addresses Ms. Demello's three arguments in turn below.

## A. Standard of Review

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  The court reviews de novo only those portions of the report and recommendation to which a specific written objection is made.  *See* Fed. R. Civ. P. 72(b); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

In reviewing an ALJ's determination, the court must defer to the ALJ's findings, and may set aside the SSA's denial of Social Security benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record.  42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  Substantial evidence " means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Valentine v. Comm'r Soc. Sec. Admin*, 574 F.3d 685, 690 (9th Cir. 2009), *quoting Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).  The court must examine the record as a whole and may not reweigh the evidence

1   or substitute its judgment for that of the SSA.  *Thomas v. Barnhart*, 278 F.3d 947, 954

2   (9th Cir. 2002).

3       **B.  Substantial Gainful Activity**

4       Ms. Demello argues that the ALJ erred at step one by finding that Ms. Demello

5   was presumptively engaged in "substantial gainful activity."  (Opening Br. at 4.)  The

6   SSA concedes that the ALJ applied an incorrect legal standard to presume that Ms.

7   Demello performed  "substantial gainful activity," but contends that this error at step one

8   is harmless due to the ALJ's alternative finding that Ms. Demello did not satisfy step two

9   of the five-step process.  (Obj. at 2.)  A legal error is harmless when it is clear that the

10  error does not alter the ALJ's decision.  *See, e.g.*, *Molina v. Astrue*, 674 F.3d 1104, 1115

11  (9th Cir. 2012).  Because this court finds that the ALJ also erred in determining the

12  remaining steps in the process, it cannot conclude that the error finding non-disability at

13  step one was harmless. Therefore, this court upholds and adopts in full the Magistrate

14  Judge's ruling that the "ALJ harmfully erred by finding that Ms. Demello's work in 2007

15  presumptively constituted SGA [substantial gainful activity]," and remands the case for

16  reconsideration consistent with the Report and Recommendation. (R&R at 3-6).

17      **C.  *Res judicata***

18      Next, Ms. Demello argues that the ALJ erred when applying *res judicata* at step

19  two of the process.[3]  (Opening Br. at 10-16.)  Once again, the SSA concedes that the ALJ

20

21  _____

22  [3] The second step in the five-step process to determine if a claimant is disabled considers
    the severity of the claimant's medical impairment(s).  20 C.F.R. § 404.1520(a)(4)(ii).  If the

1    misapplied the legal standard, but argues that the error was harmless. (Obj. at 3).  This

2    court agrees with the Magistrate Judge that the ALJ harmfully erred by misapplying the

3    doctrine of *res judicata*; however, the court differs in its reasoning.  (R&R at 6-8).

4          "The principles of *res judicata* apply to administrative decisions."  *Chavez v.*

5    *Bowen*, 844 F.2d 691, 693 (9th Cir. 1988).  Under *Chavez*, a final denial of disability

6    benefits gives rise to a continuing presumption of non-disability; this presumption applies

7    to a claimant's subsequent applications for benefits.  *Id.*; *see also Lester v. Chater*, 81

8    F.3d 821, 827 (9th Cir. 1995) ("An ALJ's finding that a claimant is not disabled creates a

9    presumption that the claimant continued to be able to work after that date."); *Taylor v.*

10   *Heckler,* 765 F.2d 872, 875 (9th Cir. 1985); 20 C.F.R. § 404.957(c)(1).  A claimant can

11   overcome this presumption by proving "'changed circumstances' that  indicate a greater

12   disability."  *Chavez*, 855 F.2d at 693; *see also* Social Security Acquiescence Ruling 97-

13   4(9) (adopting the *Chavez* standard).  Changes in age category, education, work, or

14   medical or psychiatric condition can all qualify as "changed circumstances" sufficient to

15   rebut the presumption.  SSA, *DI 52755.010, How the* Chavez *AR Applies*, Program

16   Operations Manual System ("POMS"),

17   https://secure.ssa.gov/apps10/poms/nsf/lnx/0452755010; *see also* Acquiescence Ruling

18   97-4(9); *Lester*, 81 F.3d at 827-28; *Chavez*, 844 F.2d at 693; *Taylor*, 765 F.2d at 875.

19         Although both the ALJ and Magistrate Judge invoked *res judicata*, neither applied

20   the doctrine correctly.  The ALJ assumed that, because Ms. Demello had not received

21   _____

22   claimant is found not to have severe medical impairments, or a combination of impairments, the
     SSA will find that the claimant is not disabled.  (*Id.*)

1    professional medical treatment for depression during the relevant time period, she could

2    not establish a severe impairment at step two. (AR at 21).  For its part, the Magistrate

3    Judge concluded that *res judicata* required the ALJ to presume an existing severe

4    impairment at step two, and proceed directly to evaluating steps three through five. (R&R

5    at 8.)

6             In denying Ms. Demello's first application, the SSA concluded at step four that

7    Ms. Demello, although severely impaired, remained able to perform her past work as

8    customer service representative.  (AR at 62 ("[W]e have concluded that you have the

9    functional capacity to perform your past work."); *id.* at 71).  This determination creates a

10   continuing presumption of non-disability that Ms. Demello can rebut only by showing

11   "changed circumstances."  The appropriate inquiry, therefore, is whether Ms. Demello's

12   second application shows "changed circumstances" between November 29, 2005, and

13   December 31, 2007,[4] that rendered her unable to perform her past work.  If Ms. Demello

14   does not demonstrate such "changed circumstances," the SSA's previous finding of non-

15   disability stands.

16             The SSA acknowledges that the ALJ applied *res judicata* incorrectly, but

17   contends that the error was harmless because "there is no evidence in the record sufficient

18   for Plaintiff to overcome the legal presumption of continuing nondisability."  (Obj. at 3,

19   6.)  Indeed, Ms. Demello's response to the Commissioner's objections fails to provide

20   _____

21         [4] To receive disability benefits, a claimant must establish she was disabled during the
     time she was insured. 42 U.S.C. 416(i)(3); *Burch v. Barnhart*, 400 F.3d 676, 679.  Ms. Demello's
22   first application was denied November 29, 2005. (AR 71-72.)  Ms. Demello was last insured as
     of December 31, 2007.  (*Id.* at 20.)

1   medical evidence from the relevant time period regarding her allegedly crippling

2   depression, citing instead to medical opinions issued before the final denial of her first

3   application and after the date last insured.  (*See* Resp. (Dkt. # 20) at 3, 4.)  Ms. Demello,

4   however, argues that it can be inferred that her depression continued throughout the

5   intervening time period, and that the ALJ is required to consider all of her physical and

6   mental impairments together when evaluating whether she can perform her past work.

7   (*Id.*, Reply (Dkt. # 25) at 6.)

8        Ms. Demello also points out that she has changed age categories since her first

9   application was denied.  (Resp. at 3.)  Specifically, Ms. Demello has moved from being

10  considered "a younger person" to being considered "a person closely approaching

11  advanced age."  *See* 20 C.F.R. § 404.1563(c), (d).  It is well-established that a change in

12  age categories can constitute a "changed circumstance" that rebuts the presumption of

13  continuing non-disability. *Chavez*, 844 F.2d at 693-4; *Oberg v. Astrue*, 472 F. App'x 488,

14  490-91 (9th Cir. 2012).[5]

15

16  ───────────────

17       [5] The court notes that it appears a claimant's age is outcome-determinative only at step
    five of the evaluation process (regarding the ability to perform other work). *See, e.g.*, Chavez,
18  844 F.2d at 693; SSA, *DI 25015.005(C)(b), Age as a Vocational Factor*, Program Operations
    Manual System, https://secure.ssa.gov/apps10/poms.nsf/lnx/0425015005.  Ms. Demello's first
19  application was denied at step four (regarding the ability to perform past work) without reaching
    step five. Nonetheless, this court is hesitant to speculate how a change in age categories may
20  affect other findings in the five-step process, and therefore entrusts the task of evaluating these
    affects to the ALJ.  *Compare Oberg*, 472 F. App'x 490-91 (reversing and remanding a disability
21  claim for ALJ's failure to consider a change in age categories, because the change "might affect
    [claimant's] residucal functional capacity . . . or other aspects of the Commissioner's decision."),
22  *with Williams v. Comm'r*, No. 1:12-cv-00892,  2013 WL 1563234, at *5 (E.D. Cal. Apr. 12,
    2013) (holding that age change does not rebut a presumption of non-disability if ALJ decides
    that the change would not affect any aspects of the prior decision).

As such, this court is unprepared to hold that the ALJ's failure to consider the entirety of Ms. Demello's second application under the rubric of "changed circumstances" is "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1104. Since the ALJ's error was not harmless, the case is reversed and remanded to the ALJ for further consideration under the *Chavez* standard.

### D. Date of Onset

The court upholds and adopts in full the Magistrate Judge's ruling that "[b]ecause the Court is remanding this matter for further proceedings, the ALJ may address in the first instance the request to amend the onset date to June 1, 2000, as well as Ms. Demello's motion to reopen the First Application."  (R&R at 9.)

### IV.   CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS in part and REJECTS in part the Report and Recommendation (Dkt. # 26) and REVERSES AND REMANDS the case to the Social Security Administration for further proceedings.

(2) The court DIRECTS the Clerk to send copies of this Order to Ms. Demello, to counsel for respondent, and to Magistrate Judge Brian A. Tsuchida.

Dated this 18th day of September, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 10